UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3388** |
| **WARDEN HOWARD PRINCE** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.   Factual Background**

The petitioner, Robert Allen ("Allen"), is a convicted inmate incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] On April 22, 1994, Allen was charged by bill of information in Orleans Parish with the attempted second-degree murder and armed robbery of

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

Shannon Crawford.[3]   Allen was arraigned on May 4, 1994, and he entered a plea of not guilty.[4] The Trial Court found probable cause and eventually denied Allen's motions to suppress the confession, the identification, and certain evidence on June 13, 1994.[5]

The record reflects that, on February 23, 1994, around midnight, New Orleans Police Officer Ernest Cortez investigated an armed robbery at the 6800 block of Park Brittany Street.[6]  He found a man about 20 feet from the I-10 Service Road lying face-down in a pool of blood.  The victim, Shannon Crawford, told the officer that "Bert" had stabbed him with a knife and had stolen his car.

Crawford testified that when he returned home from work on February 23, 1994, he saw Robert Allen, whom he knew as "Bert," talking to Crawford's younger brother.  Bert asked Crawford to give him a ride to the I-10 Service Road and Crawford agreed.  As they were driving, Crawford noticed that his trunk was open and he got out to close it.  He then noticed that he had dropped some money and he bent over to pick it up.  As he did so, he was stabbed in the back. About 20 minutes later, an ambulance and the police came.  Crawford suffered severe and permanent injuries, including the loss of one kidney.

Around 3:57 a.m. on February 23, 1994, Officer William Hare was dispatched to the scene of a car accident at Washington and South Saratoga Streets.  There he found one of the vehicles in the middle of the street, with its rear tires still spinning and a lot of smoke coming from the rear tires.  The driver had just left the car and begun walking down Saratoga Street at a fast walking pace.

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 4/22/94.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 5/4/94.

[5]St. Rec. Vol. 1of 4, Minute Entry, 6/3/94; Minute Entry, 6/13/94.

[6]The facts of the case were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 95-KA-0154, 9/28/95; *State v. Allen*, 66 So.2d 582 (La. App. 4th Cir. 1995) (Table).

The officer apprehended him and he was found to be Robert Allen. A computer check was run on the car and it had been reported stolen earlier that evening during an armed robbery.

Allen was tried before a jury on September 20, 1994, and was found guilty of armed robbery and attempted manslaughter.[7] After adjudication of the multiple bill, the Trial Court sentenced Allen to serve 198 years for armed robbery as a fourth felony offender, without benefit of parole, probation or suspension of sentence.[8] The Court also sentenced him to serve a concurrent sentence of 10 years and six months on the attempted manslaughter conviction.[9] The Trial Court denied Allen's motion to reconsider the sentence.[10]

On direct appeal, Allen's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no errors to raise for appeal and requesting that the Court conduct an errors patent review.[11] The Louisiana Fourth Circuit affirmed the convictions but found that the 198-year multiple offender sentence was illegal.[12] The Court held that the sentence for a fourth felony offender should have been for a term not less than the longest term for a first conviction, nor less than 20 years, and not more than his natural life. The Court remanded the matter for re-sentencing on the multiple bill.

---

[7]St. Rec. Vol. 1 of 4, Trial Minutes, 9/20/94; Jury Verdict (Count 1), 9/20/94; Jury Verdict (Count 2), 9/20/94; St. Rec. Vol. 2 of 4, Trial Transcript, 9/20/94.

[8]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 11/8/94; Multiple Bill, 9/27/94; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 11/8/94.

[9]*Id.*

[10]St. Rec. Vol. 1 of 4, Minute Entry, 11/9/94; Motion to Reconsider Sentence, 11/10/94.

[11]St. Rec. Vol. 2 of 4, Appeal Brief, 95-KA-0154, 4/27/95.

[12]St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 95-KA-0154, 9/28/95; *State v. Allen*, 66 So.2d at 582.

The Trial Court re-sentenced Allen on November 11, 1995, to serve life imprisonment as a fourth offender for the armed robbery conviction, without benefit of parole, probation, or suspension of sentence.[13]

On April 8, 1999, Allen's retained counsel filed a motion to correct an illegal sentence, in which he argued that the State could not use in the multiple bill Allen's prior conviction as a felon in possession of a firearm or the burglary conviction on which the firearm conviction was based.[14] The Trial Court granted the motion on April 29, 1999, and re-sentenced Allen as a third felony offender to serve 198 years without benefit of parole, probation, or suspension of sentence.[15]

Two years later, on April 9, 2001, Allen's retained counsel filed a motion for leave to file an out-of-time appeal from the re-sentencing, which the Trial Court granted.[16]

On appeal, counsel argued that the 198 year sentence for a third offender was excessive and against the spirit of the law since the sentence was illegal for a fourth offender.[17] On March 14, 2003, the Louisiana Fourth Circuit acknowledged the conflict in the habitual offender laws, and indicated that it lack jurisdiction to address the constitutionality of the contradiction. The Court therefore affirmed Allen's sentence finding no abuse of the Trial Court's discretion.[18]

---

[13]St. Rec. Vol. 1 of 4, Minute Entry, 11/22/95; St. Rec. Vol. 3 of 4, Sentencing Transcript, 11/11/95.

[14]St. Rec. Vol. 1 of 4, Motion to Correct Illegal Sentence, 4/8/99.

[15]St. Rec. Vol. 1 of 4, Minute Entry, 4/29/99; Multiple Bill (undated); St. Rec. Vol. 3 of 4, Multiple Bill Hearing Transcript, 4/29/99.

[16]St. Rec. Vol. 1 of 4, Motion for An Out of Time Appeal, 4/9/01; Minute Entry, 4/9/01.

[17]St. Rec. Vol. 3 of 4, Appeal Brief, 2002-KA-2447, 2/18/03.

[18]St. Rec. Vol. 3 of 4, 4th Cir. Opinion, 2002-KA-2447, 5/14/03.

Allen did not seek rehearing or apply for further review in the Louisiana Supreme Court. His convictions and sentences therefore became final thirty days later, on Monday, April 14, 2003,[19] when the time for doing so expired. *Butler v. Cain,* 533 F.3d 314 (5th Cir. 2008) (citing *Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003)) (for AEDPA purposes an appeal is final when the state defendant does not timely proceed to the next available step in the state appeal process).

## II.   Procedural History

In the meantime, while counsel was pursuing appellate review of the multiple offender sentence, on May 20, 2002, Allen sent a letter to the Louisiana Fourth Circuit, which was construed as a Writ Application, indicating his efforts to determine whether an application for post-conviction relief had been filed on his behalf in the Trial Court.[20] On July 2, 2002, the Court denied the application, because the application for post-conviction relief was not filed in the district court record.[21]

On July 16, 2002, Allen submitted to the Trial Court a Motion for Contradictory Hearing with the District Attorney seeking copies of the district attorney's files.[22] The Trial Court denied the motion and instructed Allen to direct his inquiry to the district attorney's office.[23]

Allen filed with the Trial Court an application for Writ of Mandamus on April 3, 2003, in which he again urged the Trial Court to force the district attorney's office to provide him with the

---

[19]The actual date fell on Sunday, April 13, 2003 which is not allowed under Louisiana or federal law.

[20]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2002-K-1067, 5/31/02 (dated 5/20/02).

[21]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2002-K-1067, 7/2/02.

[22]St. Rec. Vol. 1 of 4, Motion for Contradictory Hearing with District Attorney, 7/19/02 (dated 7/16/02).

[23]St. Rec. Vol. 1of 4, Trial Court Order, 7/19/02; Minute Entry, 8/13/02.

record copies he paid for and had not yet received.[24]  On June 3, 2003, the Trial Court entered its order denying the motion.[25]

Thereafter, on July 2, 2003, Allen submitted a writ application seeking an order requiring the district attorney's office to provide its entire file and/or refund the money paid for the documents not provided to him, claiming that he received less than the 184 pages quoted and for which he paid.[26]  On July 21, 2003, the circuit court denied the application, and directed Allen to pursue relief through the Public Records Act.[27]

Allen thereafter sought relief in the Louisiana Supreme Court.[28]  On November 15, 2004, the Louisiana Supreme Court partially granted the writ advising the district court to consider Allen's request for a cost estimate of the documents he requested from the district attorney's file.[29]  The Court also noted that the estimate should be offset by the amount he paid for the documents he did not request.  The application was denied in all other respects.

On February 28, 2007, Allen submitted an application for post-conviction relief to the state trial court raising the following grounds for relief:[30] (1) he is actually innocent of the armed robbery

---

[24]St. Rec. Vol. 1 of 4, Application for Writ of Mandamus, 6/3/03 (dated 4/3/03).

[25]St. Rec. Vol. 4 of 4, Trial Court Order, 4/15/03; St. Rec. Vol. 1 of 4, Minute Entry, 6/3/03.

[26]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2003-K-1187, 7/2/03.

[27]St. Rec Vol 4 of 4, 4th Cir. Order, 2003-K-1187, 7/21/03.

[28]The record submitted by the State does not contain a copy of this writ application.

[29]*State v. Allen*, 846 So.2d 1001 (La. 2003); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2003-KH-2520, 11/15/04.

[30]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, cover letter dated 2/28/07.  This would reflect the earliest date he would have handed the pleading to prison officials for mailing to the state court.

charge; (2) ineffective assistance of counsel; and (3) ineffective assistance of counsel on appeal. The Trial Court denied the application without stated reasons on November 6, 2007.[31]

On January 7, 2008, Allen submitted a writ application with the Louisiana Fourth Circuit seeking review of that order.[32] On March 11, 2008, the circuit court denied the application on the basis that his post-conviction claims were not timely filed pursuant to La. Code Crim. P. art. 930.8 and finding no error in the Trial Court's judgment.[33] The Louisiana Supreme Court also denied Allen's related writ application on January 16, 2009, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[34]

### III.    The Federal Petition

On April 27, 2009, the clerk of this Court filed Allen's petition for federal habeas corpus relief, in which he raised three grounds for relief:[35] (1) the petitioner is actually innocent of the crime of armed robbery; (2) ineffective assistance of counsel during trial; and (3) ineffective assistance of counsel on appeal. The State filed a response in opposition to Allen's petition alleging that the petition was not timely filed.[36] Alternatively, the State argues that his claims are in procedural default and barred from federal review.

---

[31] St. Rec. Vol. 1 of 4, Trial Court Judgment, 11/6/07; Minute Entry, 11/6/07.

[32] St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2008-K-43, 1/11/08 (dated 1/7/08).

[33] St. Rec. Vol. 4 of 4, 4th Cir. Order, 2008-K-0043, 3/11/08.

[34] *State ex rel. Allen v. State*, 998 So.2d 95 (La. 2009).

[35] Rec. Doc. No. 1; *see also*, Rec. Doc. Nos. 6, 7.

[36] Rec. Doc. No. 8.

## IV.     Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[37] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on March 13, 2009.[38] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State alleges that Allen's petition is not timely filed. The Court agrees and will address this defense.

## V.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[39] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The United States

---

[37]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[38]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Allen's petition on April 27, 2009, when he paid the filing fee. Allen's signature on the memorandum submitted with the petition is dated March 13, 2009. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[39]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

Supreme Court has long held that "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). In applying this rule, the Supreme Court has held that the AEDPA limitations period "did not begin until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review." *Burton*, 549 U.S. at 156-57 (emphasis added, quotation omitted); *see also*, *Jiminez v. Quarterman*, ___ U.S. ___, 129 S. Ct. 681, 686-87 (2009) (where a state court grants a criminal defendant the right to file an out-of-time appeal during state collateral review, his judgment is not yet final for purposes of seeking federal habeas review). Thus, finality for Allen occurred when review of the re-sentencing was concluded on out-of-time appeal. Allen's convictions and sentences therefore became final on April 14, 2003, when review of the re-sentencing on the multiple bill was completed.

Under the plain language of § 2244, Allen had until April 14, 2004, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Allen's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

---

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes "until further appellate review is unavailable under ]Louisiana's] procedures.") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 122 (2002) (motion to withdraw a guilty plea is "other

collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for documents and transcript copies are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, Allen's conviction became final on April 14, 2003, which was 30-days after the Louisiana Fourth Circuit affirmed his re-sentencing as a third-offender. The AEDPA filing period began to run the next day and did so for 365 days, until April 14, 2004, when it expired. Allen had no properly filed state post-conviction or other collateral review pending during that period.

The Court recognizes that Allen was in the midst of pursuing relief on his document request from the district attorney's office. This, however, was not post-conviction or other collateral review. Even if the Court were to allow tolling for the pendency of that pursuit, the record shows that his

writ application was resolved in the Louisiana Supreme Court on November 15, 2004. From that time, Allen had no other state court filings until he submitted an application for post-conviction relief over two years later on February 28, 2007. The record clearly demonstrates that under either calculation, Allen allowed well over one year to pass without properly filed state post-conviction or other collateral review pending in the state courts. His petition is not timely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848. In this case, Allen has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.

Allen's federal petition is deemed filed on March 13, 2009, which is almost five years after the AEDPA filing period expired on April 14, 2004. His federal petition must be dismissed as untimely filed.

**VI.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Robert Allen's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[40]

New Orleans, Louisiana, this 26th day of January, 2011.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[40] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.